UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK LIU,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RENO and SCOTT GAUTHIER,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-CV-00551-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH DEPOSITION**<br><br>[ECF No. 36] |

　　　This case involves an action filed by Plaintiff Frank Liu ("Liu") against Defendant City of Reno and Scott Gauthier (collectively referred to as "Defendants"). Currently pending before the Court is Liu's motion to quash Defendants' in-person deposition notice. (ECF No. 36, 37[1].) Defendants responded, (ECF No. 38), and Liu replied. (ECF No. 39, 40[2].) For the reasons stated below, the Court denies Liu's motion to quash Defendants' in-person deposition notice.

　　　As an initial matter, although Liu frames his motion as a motion to quash a subpoena under Federal Rule of Civil Procedure 45, Liu was not subpoenaed for a deposition.[3] Instead, as a party to the lawsuit, Liu was given a notice of deposition under Rule 30. (ECF No. 37 at 15-17.) In essence, Liu is requesting the Court order that he not be forced to attend his deposition in Reno and that his deposition be taken remotely by video. (*See* ECF No. 36.)

　　　Generally, the district court has wide discretion to establish the time and place of depositions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1164 (9th Cir.1994). A plaintiff is required to make herself available for a deposition in the district in which the suit was filed

---

[1]　　ECF No. 37 consists of exhibits to ECF No. 36.

[2]　　ECF No. 40 consists of exhibits to ECF No. 39.

[3]　　Liu also references Nevada Rule of Civil Procedure 45, which is inapplicable to the instant case as this suit was filed in Federal Court.

absent a showing of good cause. *Dieng v. Hilton Grand Vacations Co., LLC*, No. 2:10-CV-01723-LDG, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011); *see United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D.Nev.1999) (relying on *Clem v. Allied Van Lines Internat'l Corp.*, 102 F.R.D. 938 (S.D.N.Y.1984), which held that absent extreme hardship, a non-resident plaintiff should appear for her deposition in the chosen forum). A plaintiff "cannot invoke the mere fact of inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim." *Rocky Springs Vista*, 185 F.R.D. at 604. The burden is on the Plaintiff to demonstrate good cause. (*Id.*)

Liu argues that Defendants are forcing him to attend an in-person deposition for "no valid reason other than to harass and burden" him. (ECF No. 36 at 2.) Liu argues that being forced to travel to Reno is both inconvenient and costly. (*Id.*) Liu claims he is located over 150 miles from Reno and has not been to Reno in six months. (*Id.*) In response to Liu's motion, Defendants explain they are seeking an in-person deposition because of Liu's failure to cooperate in the discovery process. (ECF No. 38 at 4.) Defendants argue Liu has not shown proof that having to appear for his deposition in the venue where he brought suit and will have to attend trial will be an unfair burden on him or subject him to harassment. (*Id.*) Based on prior conduct, Defendants determined that an in-person deposition of Liu would be the most effective method. (*Id.*) Additionally, Defendants argue that it is not harassment for a Defendant to depose the Plaintiff who has sued him in person. (*Id.* at 5.) In his reply, Liu argues that returning to Reno would force him to be subject to "unconstitutional Reno ordinances" in addition to being a financial burden. (ECF No. 39.) Liu argues that Reno is failing to abide by Ninth Circuit rulings relating to laws around homelessness and its current ordinances regarding homelessness are therefore unconstitutional. (ECF No. 39 at 3-6.) Liu argues "forcing [him] to go back to Reno without accommodations will entrap [him] to break Reno's unconstitutional city ordinances and [he] could face potential retaliation, fines and/or arrest by Reno Police." (*Id.* at 14.)

First, the fact that Liu will have to travel over 150 miles to attend the deposition does not support a finding of good cause to order the deposition be conducted elsewhere. *Rocky Springs Vista*, 185 F.R.D. at 604. Additionally, Liu has not provided any evidence to support his contentions that attending the deposition would be financially burdensome, and conclusory statements that traveling to attend a deposition would be financially burdensome are insufficient to find good cause. *Dieng*, No. 2:10-CV-01723-LDG, 2011 WL 812165, at *2 (no finding of good cause where plaintiff made only a "conclusory statement she has 'limited financial means to cover airfare, hotel, car rental, meals, parking, and other miscellaneous expenses' and has provided no supporting evidence."). Finally, Liu's argument that he should not be forced to attend the deposition in Reno because he would be subject to "unconstitutional Reno ordinances" is unpersuasive as there is no evidence that Liu would be subject to "extreme hardship." *See Rock Springs Vista Dev.*, 185 F.R.D. at 604 (relying on *Clem*, 102 F.R.D. at 938 (absent extreme hardship, a non-resident plaintiff should appear for her deposition in the chosen forum)). Therefore, the Court finds that Liu has not shown good cause sufficient to order that Defendants not be allowed to conduct the noticed in-person deposition of Liu in Reno.

I.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that Liu's motion to quash Defendants' in-person deposition notice, (ECF No. 36), is **DENIED.**

**IT IS SO ORDERED.**

**DATED**: September 18, 2023 .

_____
**UNITED STATES MAGISTRATE JUDGE**